## DOLLAR v. CADDO RIVER LUMBER CO. (WALTERS, Intervenor).

### No. 205.

District Court, W. D. Arkansas, Fort Smith Division.

July 5, 1941.

Osro Cobb, of Little Rock, Ark., for plaintiff.

McRae & Tompkins, of Prescott, Ark., for defendant.

MILLER, District Judge.

From the testimony in this case the court finds the following facts:

(1) That the defendant, Caddo River Lumber Company, is and was during the times mentioned in the complaint and intervention engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

(2) That the plaintiff, W. A. Dollar, was employed by the Caddo River Lumber Company in Scott County, Arkansas, from October 24, 1938, to September 30, 1940, and that during all of said employment he was engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938.

(3) That the complaint of the plaintiff and intervention of intervenor are based upon Section 7 and Section 16 of the Fair Labor Standards Act and seek to recover compensation for alleged overtime at a rate not less than one and a half times the regular rate at which they were employed.

(4) That the court has jurisdiction of this cause.

(5) That the intervenor, G. W. Walters, was employed by the defendant, in Scott County, Arkansas, between the dates of October 28, 1938, and September 6, 1940.

(6) That from the week ending November 12, 1938, to the week ending May 27, 1939, the intervenor, G. W. Walters, was not engaged in commerce or in the production of goods for commerce; that during this time he was engaged in the construction of a saw mill being erected by the defendant; that saw mill was constructed to replace a saw mill that had been destroyed by fire, and after its construction it was used in commerce and in the production of goods for commerce; that the said intervenor during the time he worked on the construction of the saw mill worked longer than the maximum hours per week as provided in Section 7 of the Fair Labor Standards Act of 1938, but was not engaged in commerce or in the production of goods for commerce during any of the time mentioned in this paragraph.

(7) That from the week ending June 3, 1939, to the week ending August 26, 1939, the intervenor, G. W. Walters, was working as a night watchman in and around the saw mill and manufacturing plant of the defendant and that during said time was engaged in commerce and in the production of goods for commerce, but he has been paid for this period of time all overtime as provided by the Fair Labor Standards Act of 1938, and no claim is made by him for overtime between these dates.

(8) That from the week ending September 2, 1939, to the week ending September 7, 1940, the intervenor was engaged as a member of the train crew and as a tong-hooker and during this time was engaged in commerce and in the production of goods for commerce; that he has been paid for all overtime while engaged as a member of the train crew at a rate of one and a half times the regular rate at which he was employed; that most of the time between the dates mentioned in this paragraph he was employed as a tong-hooker and was transported from his place of residence to the place of work by the defendant in a truck or other conveyance furnished by the defendant; that the time actually consumed by the intervenor in going from his home to his place of work in a conveyance furnished by the defendant and in returning from his place of work to his home in the same conveyance was not calculated by the defendant in the payment made to him for overtime worked; that the conveyance furnished by the defendant to the intervenor and others was furnished as an accommodation to the intervenor and other employees and they were notified by the defendant that the conveyance would leave a certain point at a certain time and that if they desired to be conveyed to and from their work that they would be so conveyed upon being present at the time the conveyance left for the place of work and returned from the place of work to their homes; that the defendant company did not require the intervenor or any other employee to use such conveyance and the intervenor and other employees were at liberty to use any other conveyance they might desire; that the intervenor is unable to designate the days worked during this time as a tong-hooker and the days worked as a member of the train crew; that the intervenor was paid for all overtime while working as a member of the train crew and such time was calculated beginning at the time the intervenor reported for work and boarded the train or began preparing the train for its journey into the woods or such other places as it might be used during the day; that there is now nothing due the intervenor for overtime.

(9) That the plaintiff, W. A. Dollar, kept no record of overtime claimed by him from October 24, 1938, to August 1, 1939, but claims that he actually worked overtime in caring for certain mules that belonged to the defendant company, but the proof does not show the amount of such time, if any, and, therefore, the court finds that no overtime was actually worked by the plaintiff between the dates of October 24, 1938, to August 1, 1939.

(10) That beginning August 1, 1939, and down to September 30, 1940, the plaintiff, W. A. Dollar, claims to have kept a record of the overtime worked by him; that during this time or a portion of said time it was the duty of the plaintiff to keep a record of the time and overtime worked by himself and other employees of the de-

824

fendant company and to turn in to the defendant the amount of time and overtime. The plaintiff did this and he and other employees were paid for the time and overtime as reflected by the reports made by the plaintiff, Dollar; that between these dates the defendant paid the plaintiff all overtime which was shown by the records to be due, and the court finds that there is no sum of money due the plaintiff, W. A. Dollar, for overtime; that the plaintiff, W. A. Dollar, turned in to the defendant what he now claims is a falsified and incorrect time record of himself and others during the time it was a part of his duties to keep a correct record of the time and overtime.

(11) That the plaintiff and intervenor received checks at stated intervals during the entire course of their employment and signed receipts acknowledging payment in full for all time and overtime.

### Conclusion of Law.

(1) That neither the plaintiff nor intervenor is entitled to recover any sum in this cause.