### SIRMON v. CRON & GRACEY DRILLING CORPORATION.

### No. 585.

District Court, W. D. Louisiana, Lake Charles Division.

March 13, 1942.

ants * * * as a laborer on oil drilling rigs located and operated near White Lake" in Vermilion Parish; that to reach the point where his duties were performed "it was necessary to travel" from "Forked Island" on the intercoastal canal by boat "as no other means of transportation was practicable"; that the boats were furnished by the defendants and petitioner, along with other employees, was carried to his work "which said boat trip took up over one hour of time"; that when the regular shift of work of the day was finished "your petitioner was taken back * * * to 'Forked Island', which * * * also took up more than an hour of time"; and further, that during said period (March, 1939, to January, 1941) petitioner "worked a total of 450 days of eight hours each on the oil rig at regular employment, and put in at least two hours per day travelling * * * all of which was over-time"; that his regular wages were $0.86 per hour and "he demands time and a half for these two hours per day under the Fair Labor Standards Act of 1938".

Petitioner further alleges that "under date of April 24th, 1941 your petitioner demanded payment from his employers and that said over-time work amounts" to $1,-161, "900 hours" at $1.29 per hour; and that under Act 138 of the Louisiana Legislature of 1936, he is "entitled to compensation * * * for his full time wages on a forty hour week at $0.87 per hour from the time of his demand for wages due him on the 24th of April, 1941 until the time of final payment * .* * plus reasonable attorneys' fees."

The prayer is for the said sum of $1,-161 and a like amount "as liquidated damages and a reasonable sum as attorneys' fees" under the said Act of the Legislature.

Defendant has moved to dismiss the complaint on the grounds (1) that it does not state a claim "upon which relief can be granted"; and (2) in the alternative that it does not state a cause of action under the Act of the State Legislature above referred to.

Taking up the latter ground first, it seems clear that the provisions of the State Act have no application for two reasons, (1) because if the petitioner was employed in interstate commerce, the Federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., controls to the exclusion of the State Legislation. Con-

I. P. Saal, of Gueydan, La., for plaintiff.

A. D. Favrot and Marion J. Epley, Jr., both of New Orleans, La., for defendant.

DAWKINS, District Judge.

The plaintiff alleges that "between the dates of March, 1939 and January 1941, your petitioner was employed by defend-

gress has occupied the field of labor relations in such commerce and the State no longer has any power to deal with the subject. (2) Even if said Act was applicable, the allegations of the petition do not bring the claim under its provisions. This Act was intended to compel the employer to pay promptly the regularly earned wages of an employee who was either discharged or who quit of his own accord. No such condition is shown in the pleadings. It is apparent that the demand for over-time for the two hours spent in going to and returning from work was an afterthought. It must be assumed that plaintiff continued to receive his wages at the regular rate during the time of his employment and made no complaint as to this over-time or else he would have alleged such facts. Petitioner simply says that the period of employment was "between the dates of March, 1939 and January 1941" without giving any days of the months, but simply a total of 450 days, whereas the period alleged covered a minimum of some 660 days.

In brief, counsel for defendant has argued that all that part of the claim which had accrued more than a year prior to the filing of this suit in the State court, from which it was removed here on the ground of diverse citizenship, had prescribed under provisions of the Louisiana Civil Code. However, in this State, prescription is a special defense that must be pleaded and no such plea is made in the motion to dismiss. If a complaint states a cause of action justifying relief and the prescriptive plea is not made, the court can not supply it, but must give judgment for the plaintiff if the demand is otherwise established.

On the question of whether the circumstances alleged would entitle plaintiff to claim wages for the time spent in going to and returning from his work, at this stage, the allegations are not sufficiently clear without amendment to warrant a final ruling thereon. The plaintiff should amend his petition by alleging specifically when he began work and when it ended, giving the exact months and times as fully as possible to show what part of these 660 or more days is involved in this case. He should also disclose where he resided, whether at "Forked Island" or somewhere else, and in the latter event, any facts tending to show that "Forked Island" was a place at which employees were assembled to be transported to their work. Ordinarily, an employee can not recover for the time spent in going to and returning from his work under normal circumstances. If he chooses to live at a great distance from his place of employment, he can not tax the extra time necessary to reach it against his employer, but where there are special circumstances creating a situation beyond his control, and which is for the convenience or interest of his employer, then he may be entitled to compensation for such time. The amendment should go sufficiently into detail to show whether during any single week more than forty hours was worked, and if so, how many.

For the reasons above given, Article VIII of the petition involving the State statute will be stricken, and the plaintiff is ordered to amend his complaint to the extent herein indicated, otherwise the motion to dismiss is overruled.