## WELLS et al. v. FORD, BACON & DAVIS, Inc.

### No. 623.

District Court, W. D. Kentucky,
Louisville Division.

Dec. 31, 1943.

Rubber; that the entire output was to be disposed of to manufacturers of Synthetic Rubber, which rubber for the duration of the War was to be furnished exclusively to the United States as munitions of war; that defendant specializes in the construction of such plants to be so used; that this plant was constructed under and as an essential part of a previous engagement entered into by the Defense Plant Corporation, Carbide & Carbon Chemical Corporation, the defendant, and various corporations and companies which were to utilize such Butadien wholly in manufacturing Synthetic Rubber and supplying it to the United States as munitions of War; that component materials of the Butadien to be produced at the plant constructed are to be procured in states other than Kentucky and transported to the plant in interstate commerce; that the Butadien when produced will be sold and transported in interstate commerce to various plants in states other than Kentucky which are engaged in production of Synthetic Rubber, which in turn will be sold and delivered to the United States, through and in the channels of interstate commerce; that the plaintiff and the other employees for whom he sues were Building Inspectors whose duties were to inspect the materials used in the construction of the plant; and that a large part of the material used in the building and inspected by the plaintiff and other employees were purchased in States other than in Kentucky and transported in interstate commerce to the site of the plant where previous to their acceptance and use, they were inspected by the plaintiff and the other employees for whom he sues.

The plaintiff seeks recovery by his first claim by reason of the provisions of the Fair Labor Standards Act of 1938, Sections 201 through 219, Title 29 U.S.C.A. He files as a part of his complaint his written authority by the other employees to prosecute this action in their behalf. He contends that he and the other employees were engaged in commerce and in the production of goods for commerce, basing his claim upon the view that the work performed should be regarded as a fractional but essential part of a previously designed unitary enterprise, namely, the production for sale and transmission in interstate com-

Guy Shearer and Robert B. Hardison, both of Louisville, Ky., for plaintiffs.

Chas. G. Middleton, Raymond C. Schultz and Bullitt & Middleton, all of Louisville, Ky., for defendant.

MILLER, District Judge.

This action was filed by the plaintiff, Eugene R. Wells, as an employee of the defendant, Ford, Bacon and Davis, Incorporated, to recover for himself and for other employees of the defendant certain unpaid wages which it is claimed the said employees are entitled to by reason of overtime work. Recovery is sought under three separate theories which are set forth in the complaint as First Claim, Second Claim and Third Claim respectively.

The three claims state that the defendant, Ford, Bacon and Davis, Inc., is a New Jersey corporation and holds a contract with the Defense Plant Corporation to construct a plant in Louisville, Kentucky, to be operated exclusively by the Carbide and Carbon Chemical Corporation, and devoted wholly to the production of Butadien, a chemical used as an essential component of Synthetic

608

merce of Butadien and Synthetic Rubber. In order for the plaintiffs to recover under this claim, it is necessary that in addition to the defendant being engaged in commerce or in the production of goods for commerce that the plaintiffs themselves be also likewise engaged. Both the Administrative Construction of the Fair Labor Standards Act and the judicial decisions thereunder hold that employees of local construction contractors generally are not engaged in interstate commerce or in the production of goods for commerce. See Interpretative Bulletin No. 5 issued by the United States Department of Labor, Wage and Hour Division, Office of the General Counsel, Release No. R-113, December 2, 1938, Revised November 1939; Wage and Hour Letter October 22, 1941; Wage and Hour Opinion Letter March 7, 1941; Dollar v. Caddo River Lumber Co., D.C., 43 F. Supp. 822; Harbe v. Cummins Construction Co., D.C., 49 F.Supp. 168; Bracey v. Luray, D.C., 49 F.Supp. 821; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; McLeod v. Threlkeld 319 U. S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538. Defendant's motion to dismiss the First Claim is accordingly sustained.

■ The plaintiff in his Second Claim, without waiving his First Claim, contends that even if he is not entitled to recover under the provisions of the Fair Labor Standards Act of 1938 he and his fellow employees have a valid claim under the provisions of Executive Order 9240 as Amended by Executive Order 9248, 40 U.S.C.A. § 326 note. He seeks to prosecute this claim for himself and his fellow employees as a class action under Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. A reading of the two Executive Orders referred to shows the order is concerned with the limiting of the amount of wages that can be paid instead of affirmatively requiring that certain payments be made except that it does contain affirmative requirements for work done on the seventh consecutive day worked in a scheduled workweek and for work done on certain enumerated holidays. It does not provide for the time and one-half payments for work in excess of 48 hours per week as contended for by the plaintiff. Irrespective of this point of law, the claim is not properly prosecuted as a class action. The persons constituting the alleged class are not so numerous as to make it impracticable to bring them all before the Court. It will be noticed that such employees actually indicated in writing the appointment of the plaintiff Wells to sue for them in the First Claim. There appears to be no good reason why they could not actually join in the Second Claim if they so desired. In any event, it is not permissible for such claims to be joined together in order to determine whether or not the jurisdictional amount of $3,000 is involved. Barr et al. v. Rhodes, D.C., 35 F.Supp. 223; Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 83 L. Ed. 1001; Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817. The defendant's motion to dismiss the Second Claim contained in the complaint is sustained.

■ In his Third Claim the plaintiff, without waiving his First and Second Claims, contends that even if he is not entitled to a recovery under the First and Second Claims he nevertheless has a valid claim for services rendered. He alleges that he and the other employees for whom he seeks recovery were employed by the defendant to perform the services as previously described, which services have been performed and were of the fair and reasonable value of $1.442 per hour, which amount has been paid only in part. Recovery is asked on behalf of each employee for the unpaid portion of said alleged value of the work. This claim is likewise prosecuted as a class action and is subject to the same criticism as is stated above with reference to this phase of the Second Claim. Since the claims of the individual employees cannot be added together to bring the alleged cause of action up to the necessary jurisdictional amount of $3,000 the defendant's motion to dismiss this claim is likewise sustained.