**COOPER et al. v. RUST ENGINEERING CO.**

**No. 11015.**

United States Court of Appeals
Sixth Circuit.

April 21, 1950.

---

James G. Wheeler, Paducah, Ky., and Wheeler & Marshall, Paducah, Ky., for appellants.

E. Palmer James, Paducah, Ky., for appellee.

William S. Tyson, Solicitor, Bessie Margolin, Assistant Solicitor, William A. Lowe and Helen Grundstein, Attorneys, U. S. Department of Labor, all of Washington, D. C., Aaron A. Caghan, Regional Attorney, Cleveland, Ohio, for Administrator of Wage and Hour Division, U. S. Department of Labor, amicus curiae.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

The United States District Court for the Western District of Kentucky dismissed actions brought by numerous employees against the appellee contractor, which constructed an ordnance plant for the United States Government under a cost plus contract, to recover overtime pay alleged to be due the employees under the Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. §§ 201 to 219.

All work performed by appellants was during World War II; and the plant constructed was for the manufacture of explosives for use by the United States Government. More than 12,000 acres of land were needed for construction of the plant and, at one time, the employees of the appellee company numbered approximately 8,000 persons who were engaged in various capacities, such as clerks who received and checked material and supplies; clerical, stenographic and office workers; nurses; telephone operators; and a few record clerks for the maintenance of engineering and architectural records. All appellants were paid a monthly wage or salary and were not paid time-and-a-half for hours worked over forty per week. The appellee was engaged exclusively in the construction of the plant and had nothing to do with the handling of the products of the plant. The work of its employees was limited to local intra-state building activities. The manufactured product of the plant, when in operation, was shipped from Kentucky to other states and to foreign countries.

In its opinion, the district court, 84 F. Supp. 149, 150, recognized "a well defined line of authorities that cover certain employees even remotely connected with 'commerce' and the 'production of goods for commerce', as provided in section seven 29 U.S.C.A., 207." But the court found that the employees of the construction company in the instant case failed to come "within the purview or scope of the Act within the intention of Congress as it has been defined by the courts." Numerous authorities cited by appellants were distinguished by the court, and it was stated that the opinion of the Supreme Court in Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S. Ct. 1031, 92 L.Ed. 1347, destroyed the reliability of the cases cited by appellants. The court pointed out that, in granting certiorari in Murphey v. Reed, 335 U.S. 865, 69 S.Ct. 105, the Supreme Court on November 15, 1948, vacated the judgments and remanded the case to the district court with directions to dismiss those causes of action involving solely construction work and to reconsider the remaining causes of action in the light of its previous decision in Kennedy v. Silas Mason Co., supra.

In support of the conclusion which he reached, Judge Swinford cited an opinion of his predecessor Judge Shackelford Miller, Jr. (then district judge but now a member of this court), in Wells v. Ford, Bacon & Davis, Inc., D.C., 6 F.R.D. 606, wherein it was stated, with citation of authorities including Walling v. Jacksonville Paper Company, 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460 and McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538, that both the administrative construction of the Fair Labor Standards Act and the judicial decisions thereunder hold that employees of local construction contractors generally are not engaged in interstate commerce, or in the production of goods for commerce. The district judge quoted to the same effect from Kelly v. Ford, Bacon & Davis, 3 Cir., 162 F.2d 555, 557. Scott v. Ford, Bacon & Davis, D.C., 55 F.Supp. 982, was also cited.

As additional authority for the conclusion reached, the district judge later filed a supplemental memorandum citing the opinion of this court in Selby v. J. A. Jones Const. Co., 6 Cir., 175 F.2d 143. There, this court held that an employer engaged under contract with the United States in construction, remodeling, and modification of buildings and other structures to be used in carrying on atomic research and developments by an Army corps of engineers during wartime was not engaged in commerce or in the production of goods for commerce, and so was not embraced within the coverage of the Fair Labor Standards Act. Obviously, the employees of the contractor were not engaged in activities which brought them within the coverage of the Fair Labor Standards Act. Accordingly, our court affirmed the judgment of the District Court for the Eastern District of Tennessee in dismissing an action by employees brought against the construction company for overtime compensation and other relief under the Fair Labor Standards Act.

The judgment of the district court in the instant case is affirmed.