**W. M. COOPER, James T. Ballance, Edith Smithers Lewis, et al., Appellants, v. RUST ENGINEERING COMPANY, Appellee.**

No. 11015.

United States Court of Appeals
Sixth Circuit.

June 17, 1950.

James G. Wheeler, Paducah, Ky., for appellants.

E. Palmer James, Paducah, Ky., for appellee.

Helen Grundstein, Washington, D. C., amicus curiae.

Bessie Margolin, Washington, D. C., for Department of Labor.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

The petition for rehearing filed by appellants, together with a memorandum brief of the Administrator of the Wage and Hour Division, Department of Labor, in support thereof, and the reply of the attorney for appellee have all been duly considered in the light of the opinion of the Supreme Court delivered May 8, 1950, in Powell v. United States Cartridge Co. (Aaron v. Ford, Bacon & Davis, Inc., and Creel v. Lone Star Defense Corp.), 339 U.S. 497, 70 S.Ct. 755.

It is our considered judgment that the holding of the Supreme Court does not call for reversal of our judgment rendered

April 21, 1950, affirming the judgment of the district court in the instant case, 6 Cir., 181 F.2d 107, wherein we filed a per curiam opinion, D.C., 84 F.Supp. 149. In the instant controversy, the Rust Engineering Company was engaged exclusively in construction of a plant; was not concerned with its operation; and engaged in no activity in relation to its manufactured product. The work of its claimant employees was limited to local activities, exclusively, in connection with the building of the plant within the State of Kentucky. In the Powell, Aaron and Creel cases, the private contractors, the employees of which were involved, were engaged in operating munitions plants under cost-plus, fixed-fee contracts. The Supreme Court held that the fact that the munitions were produced for delivery into the actual possession of the United States as ultimate consumer before subseqeunt interstate shipment did not deprive the employees who produced the munitions of the benefits of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Here, the employees involved were not engaged in manufacturing at all, but merely in aiding in various ways in the construction of a purely local plant to be operated, when completed, in the manufacture of war equipment.

Accordingly, the petition for rehearing is denied.