On Rehearing
GLADNEY, Judge.
A rehearing was granted to review our action wherein we reversed the judgment of the trial court by overruling exceptions of no cause and no right of action and a plea to the jurisdiction of the court ratione materiae. Our further study of the issues so presented has only served to convince us of the correctness of our decision.
Appellee’s first contention is that we erred in holding plaintiff has a cause or right of action. As heretofore stated in our original opinion, petitioner alleged “allowances” totaling $285.11 unpaid but admitted *324 by the defendant to be due under the “Washington Agreement of 1956.” He also claimed under LSA-R.S. 23:631-632 “continuing wages” and attorney’s fees on account of tire failure of his employer to promptly pay the “allowances” after demand.
The minutes of the trial court indicate all exceptions filed by the defendant were called for trial and recite: “Evidence adduced on said exceptions, exceptions submitted, and judgment 'rendered sustaining said exceptions”. It is elementary, of course, that judicial consideration of an exception of no cause of action is restricted to the well pleaded facts of the petition, whereas evidence may be adduced upon trial of an exception of no right of action for the purpose of disclosing interest or absence of interest of one or more of the parties to the lawsuit.
The well pleaded facts contained in plain-' tiff’s petition clearly assert a claim for an uncollected sum of money which although admittedly due petitioner was not paid upon demand, and that further compensation should be assessed in accordance with provisions of the Louisiana statute. It may not be seriously questioned, so we think, that the petition thus alleges a cause of action. We presume, however, exceptor’s main reliance is upon the exception of no right of action as its sustainment rests on evidence outside of the allegations of the petition, and especially is this true where it is argued plaintiff is without-a cause or right of action because of his failure to “follow the administrative remedies established by the Agreement, for resolving disputes and controversies”. Such evidence includes depositions and takes into consideration respondent’s answer. As noted in our former decree when the employer confessed by answer and tender the indebtedness of $285.11, certainly there no longer existed a “dispute or controversy” between the parties. From this it follows as surely as the day follows night, no further administrative procedure could be available to petitioner, and as a consequence the exception of no right of action is without legal foundation.
The plea to the jurisdiction of the court likewise may not be supported. The argument of the pleader asserts:
“The Court is without jurisdiction Ratione Materiae since this is an action under L.R.S. 23:632, which has no application to defendant, a common carrier engaged in the field of interstate commerce. The Railway Labor Act [45 U.S.C.A. § 151 et seq.] grants the National Railroad Adjustment Board complete and exclusive jurisdiction over disputes 'growing out of grievances or out of the interpretation or application of agreements concerning rates of pay.’ Plaintiff did not follow the grievance procedure established by the Act and hence may not resort to the courts.”
Strongly relied upon are two decisions of the United States District Court for the western district of Louisiana: Divine v. Levy; 36 F.Supp. 55, and Sirmon v. Cron & Gracey Drilling Corporation, 44 F.Supp. 29. The cited cases involved the Fair Labor Standards Act of 1938. 29 U.S.C.A. § 201 et seq. Divine and Sirmon, plaintiffs respectively in the two cases, were employees engaged in the production of petroleum products for shipment into interstate commerce. The demands of claimants were predicated upon an interpretation of the wage and hour provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and damages were sought as in the instant case under. LSA-R.S. 23 :632. The federal act, 29 U.S.C.A. § 216(b) prescribed :
“Any employee who violates the provisions of section 206 or section 207 of this title shall be. liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be *325 maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action. June 25, 1938, c. 676, § 16, 52 Stat. 1069.”
It was held in each of the cited cases plaintiff was exclusively relegated to relief in the nature of damages and for attorney’s fees as provided in the federal statute, and. that, therefore, relief under the Louisiana statute was not available. In so holding, the judges a quo merely followed the often enunciated legal principle that action predicated on a state statute, where its enactment was within the police power, is valid unless Congress has affirmatively excluded its exercise by acting directly and immediately upon the subject matter in question, so that the state action is repugnant to the federal action. Such power is not excluded merely because Congress has regulated a part of the field. Terminal Railroad Association v. Brotherhood of R. Trainmen, 318 U.S. 1, 63 S.Ct. 420, 87 L.Ed. 571; Missouri Pacific R. Co. v. Norwood, 283 U.S. 249, 51 S.Ct. 458, 75 L.Ed. 1010, 30 N.C.C.A. 639; Kelly v. Washington, 302 U.S. 1, 58 S.Ct. 87, 82 L.Ed. 3; Northwestern Bell Tel. Co. v. Nebraska State R. Commission, 297 U.S. 471, 56 S.Ct. 536, 80 L.Ed. 810; H. P. Welch Co. v. New Hampshire, 306 U.S. 79, 59 S.Ct. 438, 83 L.Ed. 500.
But although LSA-R.S. 23:632 was found to be without application in Divine v. Levy and Sirmon v. Cron and Gracey Drilling Corporation, supra, we do not hold that plaintiff’s claim for allowances, damages and attorney’s fees is encompassed by the effective provisions of the- Fair Labor Standards Act. It is not. Nor does counsel for appellee so contend, for the act does not impose employment standards for railway employers when engaged in interstate commerce. 29 U.S.C.A. § 213 (b) (3).
Counsel does argue the jurisdictional plea should be sustained, stating “the Railway Labor Act grants the National Railroad Adjustment Board complete and exclusive jurisdiction over disputes growing out of grievances or out of the interpretation or application of agreements concerning rates of pay.”
Arguendo, and by no means conceding a dispute over allowances is herein involved, we opine this postulation is based on a misconception of the intent and effect of the federal statute. The following comment from Terminal Railroad Ass’n of St. Louis v. Brotherhood of Railway Trainmen, Ill. 1943, 318 U.S. 1, 63 S.Ct. 420, 422, 87 L.Ed. 571, observes that:
“The Railway Labor Act, also relied upon by appellant, remains for consideration and presents questions of a different order, not heretofore examined in any opinion of this Court. The purpose of this Act is declared to be to provide ‘for the prompt and orderly settlement of all disputes concerning rates of pay, rules, or working conditions’ ; and ‘for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.’ It places upon carriers and employees the duty of exerting every reasonable effort to settle these disputes by agreement, and prohibits the carrier from altering agreed rates of pay, rules or working conditions except in the manner provided by the agreement or by the Act itself. Machinery is set up for the adjustment, mediation, and arbitration of disputes which the parties do not succeed in *326 settling among themselves. The First Division of the National Railroad Adjustment Board has jurisdiction over disputes involving train and yard-service employees of carriers, which may be referred to it by agreement of both parties or by either party. Its awards are made ‘final and binding’ upon both parties to the dispute and the carrier may be required by the courts to comply, the Board’s findings being, in a proceeding for such purpose, prima facie evidence of the facts therein stated.”
The Louisiana statute herein resorted to by plaintiff does not conflict with the provisions of the Railway Labor Act, or with similar relief afforded plaintiff by other federal statutes, and accordingly, the state court is free to enforce the Louisiana statute is justified by the circumstances and evidence as may be developed in further proceedings.
It is well recognized that state courts, except where they are unauthorized under state law and except insofar as exclusive jurisdiction has been vested in the federal courts, have concurrent jurisdiction over cases pertaining to interstate commerce. 21 C.J.S. verbo Courts § 525, p. 796.
It follows from the reasons which formed the basis of our original opinion and the grounds herein stated, our original decision should be and is hereby reinstated and made the judgment of this court.