**Hubert M. BIGGS et al.**
v.
**UNITED STATES.**
No. 184–59.

United States Court of Claims.
Decided March 1, 1961.

Claude L. Dawson, Washington, D. C., for plaintiffs.

Thomas J. Lydon, Washington, D. C., with whom was Acting Asst. Atty. Gen. Geo. S. Leonard, for defendant.

PER CURIAM.

This is a suit by wage board employees of the Department of the Navy to recover overtime pay.

Plaintiffs were employed at the Mare Island Ammunition Depot Annex, Vallejo, California, but on the days for which overtime pay is claimed they were detailed to work at the United States Naval Ammunition Depot, Concord, California. Concord was approximately 25 miles from Mare Island and approximately one hour was required to travel between the two locations. When employees at Mare Island were scheduled for work at Concord, free Government transportation by bus was provided, but there was no requirement that it be utilized; employees were free to use their private automobiles if they so desired.

Plaintiffs' normal workday began at 7:30 a. m., but when detailed to Concord their actual workday commenced at 8:30 a. m., although they were paid for the hour from 7:30 a. m. to 8:30 a. m. which was spent in travel. Plaintiffs worked until 4:15 p. m., at which time the normal workday was completed. Government transportation was again made available for travel back to Mare Island, the arrival time there being approximately 5:15 p. m.

Plaintiffs seek to recover overtime pay, as provided for by 5 U.S.C.A. § 913, for the one hour travel time from Concord back to Mare Island after the close of the normal workday. This section provides that wage board employees shall be entitled to overtime pay in accordance with section 673c, which provides for overtime pay at not less than time and one-half.

We do not think they are entitled to recover. 5 U.S.C.A. § 912b, applicable to classified workers, provides for payment for travel time outside the usual hours of work on a regularly scheduled workday, only where such travel involves work enroute or is carried out under arduous conditions. While this statute does not apply to employees whose compensation is fixed by wage boards, the regulations of the Department of the Navy set up the same standards for wage board employees. (See Finding 8.) This regulation is sensible, and is binding on employees accepting employment after its promulgation. However, plaintiffs performed no work enroute home, nor was that travel under arduous conditions. Government transportation by bus was furnished, but plaintiffs were free to travel to and from work in their private automobiles, if they chose to do so. There was nothing arduous about it, at least no more so than travel on a crowded city bus, which countless employees do every day.

A somewhat similar question was before this court in Ahearn v. United States, 142 Ct.Cl. 309, certiorari denied 364 U.S. 932, 81 S.Ct. 381, 5 L.Ed.2d 366. There plaintiffs, firefighters at the United States Naval Base at Newport, Rhode Island, claimed that time spent by travel in boats furnished by the Navy to and from island fire stations was "employment" under section 201 of the Federal Employees Pay Act of 1945, 5 U.S.C.A. § 911, and was compensable as overtime. We held that it was not, stating at page 313 of 142 Ct.Cl.:

"We think that the time spent in this travel is no more compensable than the time spent by any employee in going from his home to his work."

See also Post v. United States, 121 Ct.Cl. 94, 98–99; Sirmon v. Cron & Gracey Drilling Corp., D.C., 44 F.Supp. 29, 31; Dollar v. Caddo River Lbr. Co., D.C., 43 F.Supp. 822.

Plaintiffs are not entitled to recover. Their petition will be dismissed.

It is so ordered.