ColliNS, Judge,
concurring in part and dissenting in part:
I concur in the per curiam opinion of the court except in regard to the disposition of the second claim under Count I of the petition. I agree with Judge Nichols that plaintiffs have shown by a preponderance of the evidence that at times the traversal of Plum Gut was arduous travel within the meaning of the statute.
The cases cited by the commissioner in his opinion do nothing more than define the outlines of the statutory concept of arduous travel. The attempted application of two of these cases (Biggs v. United States, 152 Ct. Cl. 545, 287 F. 2d 908 (1961); Ahearn v. United States, 142 Ct. Cl. 309 (1958)) to the instant situation rests not upon any inherent similarity among the respective sets of facts, but only upon the court’s conclusion that travel between Orient Point and Plum Island was not arduous. There is simply no basis in the record for determining that on every day when the seas were not calm and the conditions arduous that the boat operators canceled the trip across Plum Gut. In the commissioner’s own words, “the boat operators could and did cancel trips if they believed there was danger” (emphasis supplied). As Judge Nichols points out, however, the word “arduous” does not necessarily connote danger.
The court is correct, of course, in rejecting plaintiffs’ contention that all travel across Plum Gut was arduous. But plaintiffs have shown, primarily through their exhibit No. 29, the United States Coast Pilot, that some of the travel met the statutory standard. In this regard, I agree with Judge *361 Nichols’ analysis of the facts and treatment of the contrary evidence relied npon by the commissioner.
Accordingly, I would remand the case to the commissioner for a determination, with or without the 'admission of additional evidence, of the number of days during the period in question when travel was arduous and a computation therefrom of the amounts of compensation to which plaintiffs are entitled.