Louis **MOSSBAUER**, Appellee,

v.

**UNITED STATES of America, Appellant.**

No. 75–3429.

United States Court of Appeals,
Ninth Circuit.

Aug. 18, 1976.

John M. Rogers (argued), Dept. of Justice, Washington, D.C., for appellant.

Richard E. Posell (argued), of Shapiro, Robin, Cohen & Posell, Los Angeles, Cal., for appellee.

Before TRASK, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

The United States appeals from a summary judgment holding that a civilian employee of the Department of the Navy is entitled to overtime pay for time spent in travel between his government-furnished quarters at one end of a federal installation and his job site at another end of the same installation.

Mossbauer works on San Clemente Island, which is entirely under the control of the United States Navy. Once each week, Mossbauer travels at his own expense from his home near Long Beach, California, to that city, and then is flown, at government expense, to Wilson Cove, the administrative headquarters for the island. Mossbauer works at Mt. Thirst, some 14 miles away from Wilson Cove. During the normal work week, he sleeps in the billet furnished by the Navy at Wilson Cove and receives an adequate allowance for meals and incidentals. He uses a government vehicle for travel between Wilson Cove and Mt. Thirst. He returns to the mainland for weekends and holidays. He makes no claim for travel time between his home and the island. He is required to live on the island during the normal work week, but makes no claim that he is entitled to pay for all the time he spends on the island.

Plaintiff claims overtime for the time he spends in travel between Wilson Cove and Mt. Thirst. In 1972, after he had worked on the island for six years, Mossbauer applied to the Navy for back pay in the amount of some $7,500, calculated at the rate of one-half hour per trip as overtime for traveling between his sleeping quarters and his work station. The claim went

through administrative channels and was denied by the General Accounting Office. Mossbauer thereafter filed this action in the district court. The parties agree on the amount of back pay if the government is liable.

Whether Mossbauer is entitled to overtime compensation for the time spent each day in traveling between his government quarters and his job site depends on the scope of 5 U.S.C. § 5542. That statute provides in pertinent part:

"(a) For full-time, part-time and intermittent tours of duty, hours of work officially ordered or approved in excess of 40 hours in an administrative workweek, or * * * in excess of 8 hours in a day, performed by an employee are overtime work and shall be paid for, except as otherwise provided by this subchapter, at the following rates:

* * * * * *

"(b) For the purpose of this subchapter—

* * * * * *

(2) time spent in a travel status away from the official-duty station of an employee is not hours of employment unless—

(B) the travel (i) involves the performance of work while traveling, (ii) is incident to travel that involves the performance of work while traveling, (iii) is carried out under arduous conditions, or (iv) results from an event which could not be scheduled or controlled administratively."

■ Mossbauer argued before the district court that he was entitled to overtime pursuant to 5 U.S.C. § 5542(b)(2)(B)(iii), in that he was traveling away from his official duty station, which he defined as Wilson Cove, and the travel was "carried out under arduous conditions." The district court correctly held that Mossbauer's official duty station was San Clemente Island and not just the billet and administrative headquarters at Wilson Cove. Accordingly, the court rejected Mossbauer's claim of "arduous conditions" in travel "away from" his official

duty station. We agree with this part of the district court's decision.

The district court, however, went on to observe that 5 U.S.C. § 5542(b) defines as not included in hours of employment the time spent by an employee in a travel status *away from* that employee's official duty station. From this subsection the court reasoned that travel which was *not away from* the official duty station (the island) was not within the exclusion and necessarily, therefore, was compensable. We do not believe this interpretation carries out the intent of Congress.

■ Travel within the boundaries of an official duty station is not automatically compensable. Although such travel is not governed by the exclusions and exceptions of § 5542(b), it is subject to the requirements of § 5542(a). That subsection mandates overtime only for "hours of work officially ordered." If Mossbauer's travel from his quarters to the worksite is analogous to a suburban dweller's daily commuting, the time spent in such travel is not includible in Mossbauer's "hours of employment." *See Ahearn v. United States,* 142 Ct.Cl. 309 (1958). In *Ahearn,* civilian firefighters at a mainland Navy base sought back pay under the Federal Employees Pay Act of 1945, ch. 212, 59 Stat. 295 (codified in scattered sections of Titles 2, 5, and 28), for time spent in traveling in a Navy launch to fire stations on islands in a harbor. Their workshifts did not officially begin until they reached the islands. The Court of Claims concluded that the travel time was no more compensable than the time spent by any employee in going from his home to his work. *See also, Ayres v. United States,* 186 Ct.Cl. 350 (1968); *Biggs v. United States,* 287 F.2d 908, 152 Ct.Cl. 545 (1961).

While *Ahearn* concerned a different statute, the court's analysis is instructive. It is true that, unlike the firefighters in *Ahearn,* Mossbauer's travel is exclusively on his employer's property. But that distinction does not persuade us that Mossbauer's travel is automatically accomplished during his "hours of employment".

Mossbauer is required to live on the island during the workweek in order to facilitate his presence at the jobsite. However that fact does not itself render his required off-hours presence and daily journeys compensable. Even though Mossbauer is required to live on his employer's property, he would not be entitled to overtime pay for his hours of sleeping and eating unless he performed substantial official duties during that time. *See Rapp v. United States,* 340 F.2d 635, 167 Ct.Cl. 852 (1964); *Ahearn v. United States,* 151 Ct.Cl. 21 (1960), *cert. denied,* 364 U.S. 932, 81 S.Ct. 381, 5 L.Ed.2d 366 (1961). Similarly, Mossbauer's journeys over government land ought not to be compensable unless, during those daily trips Mossbauer is performing functions required by or conferring benefits on his employer. If his trips up and down the mountain are not integral to the performance of his duties, the time required is not within his "hours of employment." *Compare Baylor v. United States,* 198 Ct.Cl. 331 (1972), and *DeLano v. United States,* 393 F.2d 517, 183 Ct.Cl. 379 (1968), with this case.

Mossbauer's daily journeys from his quarters to his worksite do not demonstrate *per se* benefit to nor the performance of functions for his employer. The gain to the Navy from Mossbauer's mere presence at the site of actual job performance as facilitated by his journey is indistinguishable from the gain to any employer achieved by his employee's commuting. *See Ahearn v. United States,* 142 Ct.Cl. 309 (1958). Because Mossbauer has not established that in traveling he performs a function any more valuable to the Navy than the commuting of, for example, a Virginian who works in the Pentagon, we conclude that his travel time does not come within his "hours of work" under 5 U.S.C. § 5542(a).

The furnishing of sleeping quarters on the island should not automatically make the government liable for overtime for the employees whose commuting to and from work happens to take place entirely upon government land. Such an automatic result might have far-reaching effects never contemplated by Congress. We prefer to base our holding on the facts of this case and leave to future cases the problems that may arise if a worker can establish that his or her travel benefits the employer in some manner different from the benefit conferred on the employer by any commuter.[1]

Under this holding we need not decide whether the Portal-to-Portal Act, 29 U.S.C. §§ 216, 251–62, applies to bar Mossbauer's claim. *Compare Carter v. Panama Canal Co.,* 150 U.S.App.D.C. 198, 463 F.2d 1289, *cert. denied,* 409 U.S. 1012, 93 S.Ct. 441, 34 L.Ed.2d 306 (1972) *with Baylor v. United States,* 198 Ct.Cl. 331 (1972).

The judgment of the district court is reversed.

---

1. In addition to large military bases, government duty stations may also include, *inter alia,* national forests, national parks, and Indian reservations where housing is provided for civilian employees. From time to time, such employees may be required to work on the government lands at some distance from their living quarters. We express no opinion on the circumstances, if any, which might justify overtime payment in specific cases.